UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| DAVID CARDONA<br>Plaintiff<br><br>v.<br><br>MARK A. FERGUSON, ELIAS VEGA,<br>and DAMON P. DREY<br>Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.: 4:22-cv-00412 |

DEFENDANTS' MOTION TO DISMISS

Defendant police officers Mark Ferguson, Elias Vega, and Damon P. Drey, move under

Fed. R. Civ. P. 12(b)(6), to dismiss the claims in Plaintiff's complaint for failure to state a claim

upon which relief may be granted.

## TABLE OF CONTENTS

Table of Contents ...........................................................................................................ii

Table of Authorities .....................................................................................................iv

Nature And Stage Of The Proceedings ......................................................................1

Plaintiff Has Incorporated Documents And Recordings Into His Allegations
That Are Central To His Claims ..................................................................................1

Summary Of The Argument .......................................................................................3

Statement Of The Issues .............................................................................................3

Plaintiff's Allegations .................................................................................................4

Argument And Authorities .........................................................................................6

I.     Plaintiff cannot state a plausible claim for relief without satisfying
       the minimum pleading standard enunciated in *Ashcroft v. Iqbal*. .........................6

       A.   Plaintiff fails to allege facts which show any claim under the Fourth
            Amendment. ...............................................................................................6

            1.   There is no allegation that eradicates probable cause to arrest
                 Plaintiff. ...........................................................................................6

       B.   Plaintiff fails to allege facts which show a plausible claim of
            unreasonable arrest. ..................................................................................8

       C.   There is no allegation of personal involvement of Officer Drey in
            unconstitutional conduct. ..........................................................................9

II.    Plaintiff fails to allege facts which show a plausible claim under
       *Franks v. Delaware* doctrine. .................................................................................10

       A.   There is no allegation that eradicates probable cause to arrest Plaintiff. .......................10

       B.   There is no allegation of personal involvement of Officers Drey and Ferguson in
            unconstitutional conduct. ........................................................................12

III.   Plaintiff fails to allege facts which show any claim under the
       Fourteenth Amendment based upon Plaintiff's arrest or criminal prosecution. ...................13

       A.   There is no recognized claim for Malicious Prosecution. ...............................14

IV.    Plaintiff fails to allege facts to illustrate a claim for Bystander Liability ...........................15

V.     Plaintiff fails to allege facts to illustrate a First Amendment Violation ...............................15

VI.    Plaintiff fails to allege facts to state a plausible conspiracy claim
       under §1983 ..........................................................................................................16

    A.   Plaintiff's conclusory allegations fail to plead any facts to illustrate the nature of the conspiracy, or the individual Defendant's role in the alleged conspiracy. ............... 17

    B.   Plaintiff's conspiracy claims fails as a matter of law. ................................................... 18

VII. Plaintiff fails to allege facts which overcome qualified immunity. ...................................... 19

    A.   Relevant authority did not establish beyond debate that an officer would violate clearly established law by arresting Plaintiff under the particular circumstances of this case. ...................................................................................................................... 20

    B.   Relevant authority did not establish beyond debate that an officer would violate clearly established law by making an arrest arguably supported by probable cause. ...................................................................................................................... 21

    C.   Relevant authority did not establish beyond debate that an officer would violate clearly established law by making an arrest arguably supported by probable cause in a fabrication of evidence claim. ...................................................................... 23

    D.   Plaintiff has not alleged facts which show that no officer could reasonably have believed arresting or prosecuting Plaintiff was unlawful. ............................................... 23

Conclusion and Prayer ................................................................................................................ 25

Certificate of Service ................................................................................................................ 25

TABLE OF AUTHORITIES

**Federal Cases**

*Albright v. Oliver*,
  510 U.S. 266, 114 S. Ct. 807 (1994) .......................................................................14, 15

*Anderson v. Creighton*,
  483 U.S. 635 (1987) ...............................................................................................21

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937 (2009) ..............................................................6, 18, 24

*Avdeef v. Royal Bank of Scot., P.L.C.*,
  616 F. App'x 665 (5th Cir. June 8, 2015) ..................................................................17

*Babb v. Dorman*,
  33 F.3d 472 (5th Cir. 1994) ...........................................................................19, 21, 24

*Backe v. LeBlanc*,
  691 F.3d 645 (2012) ..............................................................................................19

*Baker v. McCollan*,
  443 U.S. 137 (1979) ...............................................................................................7, 8

*Baker v. Putnal*,
  75 F.3d 190 (5th Cir. 1996) .....................................................................................19

*Beck v. Texas State Board of Dental Examiners*,
  204 F.3d 629 (5th Cir. 2000) ...................................................................................19

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544, 127 S. Ct. 1955 (2007) .....................................................................6, 18

*Benningfield v. Cty. of Hous.*,
  157 F.3d 369 (5th Cir. 1998) ...................................................................................18

*Bosarge v. Miss. Bureau of Narcotics*,
  796 F.3d 435 (5th Cir. 2015) ...................................................................................14

*Brosseau v. Haugen*,
  543 U.S. 194, 202 (2004) ........................................................................................21

*Brown v. Callahan*,
  623 F.3d 249 (5th Cir. 2010) ...................................................................................24

*Brown v. Glossip,*
   878 F.2d 871 (5th Cir. 1989) ...........................................................................19

*Brown v. Lyford,*
   243 F.3d 185 (5th Cir. 2001) ...........................................................................20

*Burns-Toole v. Byrne,*
   11 F.3d 1270 (5th Cir.), cert. denied, 512 U.S. 1207 (1994) .................................19

*Butz v. Economou,*
   438 U.S. 478, 98 S. Ct. 2894 (1978)....................................................................20

*C.f., Dartmouth Review v. Dartmouth College,*
   889 F.2d 13 (1st Cir. 1989)...............................................................................19

*Causey v. Sewell Cadillac-Chevrolet, Inc.,*
   394 F.3d 285 (5th Cir. 2004) .............................................................................2

*Clark v. Amoco Production Company,*
   794 F.2d 967 (5th Cir. 1986) ...........................................................................19

*Cole v. Carson,*
   802 F.3d 752 (5th Cir. 2015) ...........................................................................23

*Collins v. Morgan Stanley Dean Witter,*
   224 F.3d 496 (5th Cir. 2000) .......................................................................2, 23

*D.C v. Wesby,*
   138 S. Ct. 577 (2018)......................................................................................7

*Devenpeck v. Alford,*
   543 U.S. 146 (2004)........................................................................................7

*Franks v. Delaware,*
   438 U.S. 154, 98 S. Ct. 2674 (1978)..................................................................10

*Frost v. New York City Police Dep't,*
   980 F.3d 231 (2d Cir. 2020).............................................................................23

*Gerstein v. Pugh,*
   420 U.S. 103 (1975)....................................................................................14, 15

*Gibson v. Rich,*
   44 F.3d 274 (5th Cir.1995) ..........................................................................8, 21

*Graham v. Connor,*
   490 U.S. 386, 109 S. Ct. 1865 (1989)..................................................................7

*Griffin v. Cty. of Sugar Land, Texas*,
  2019 U.S. Dist. LEXIS 5837, 2019 WL 175098 (S.D. Tex. Jan. 11, 2019)
  (Honorable Sim Lake, United States District Judge presiding), aff'd, 787 Fed.
  Appx. 244 (5th Cir. 2019).........................................................................................1

*Groh v. Ramirez*,
  540 U.S. 551, 124 S. Ct. 1284 (2004) (Kennedy, J., dissenting)............................20

*Haggerty v. Tex. Southern Univ.*,
  391 F.3d 653 (5th Cir. 2004) ...........................................................................6, 22

*Hale v. Harney*,
  786 F.2d 688 (5th Cir. 1986) ................................................................................17

*Hale v. Townley*,
  45 F.3d 914 (5th Cir. 1995) ..................................................................................17

*Hilliard v. Ferguson*,
  30 F.3d 649 (5th Cir. 1994) ..................................................................................18

*Hunter v. Bryant*,
  502 U.S. 224, 112 S. Ct. 534 (1991).....................................................................21

*Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co*,
  920 F.3d 890 (5th Cir. 2019) ..................................................................................2

*Joseph v. Bartlett*,
  981 F.3d 319 (5th Cir. 2020) .....................................................................9, 10, 15

*Kaley v. United States*,
  571 U.S. __, 134 S. Ct. 1090 (2014).......................................................................7

*Kaley v. United States*,
  571 U.S. 320 (2014)................................................................................................7

*Kane Enters. v. MacGregor (USA) Inc.*,
  322 F.3d 371 (5th Cir. 2003) ..................................................................................1

*In re Katrina Canal Beaches Litig.*,
  495 F.3d 191 (5th Cir. 2007) ..................................................................................2

Kisela v. Hughes,
  __ U.S. __, 138 S. Ct. 1148, 1152 (2018)............................................................20

*Lovelace v. Software Spectrum*,
  78 F.3d 1015, 1017 (5th Cir. 1996) ........................................................................1

*Mace v. Cty. of Palestine*,
   333 F.3d 621 (5th Cir. 2003) ................................................................19

*Malley v. Briggs*,
   475 U.S. 335 (1986) ...............................................................................20, 24

*Mangieri v. Clifton*,
   29 F.3d 1012 (5th Cir. 1994) ................................................................21

*Manis v. Lawson*,
   585 F.3d 839 (5th Cir. 2009) ................................................................24

*Manuel v. Cty. of Joliet*,
   137 S. Ct. 911 (2017) .............................................................................14

*Meadours v. Ermel*,
   483 F.3d 417 (5th Cir. 2007) ................................................................9, 10, 12

*Melton v. Phillips*,
   875 F.3d 256 (5th Cir. 2017) (en banc) ...............................................10, 12, 13

*Mendenhall v. Riser*,
   213 F.3d 226 (5th Cir. 2000) ................................................................16, 21, 22, 24

*Messerschmidt v. Millender*,
   565, U.S. 535, 553-56, (2012) ..............................................................24

*Morgan v. Chapman*,
   969 F.3d 238 (5th Cir. 2020) ................................................................14, 23

*Mullenix v. Luna*,
   577 U.S. 7,11 (2015) ..............................................................................21

*Murphy v. Kellar*,
   950 F.2d 290 (5th Cir. 1992) ................................................................9, 10

*Nieves v. Bartlett*,
   139 S. Ct. 1715 (2019) ...........................................................................16

*Oliver v. Scott*,
   276 F.3d 736 (5th Cir. 2002) ................................................................19

*Ontiveros v. Cty. of Rosenberg*,
   564 F.3d 379 (5th Cir. 2009) ................................................................24

*Orr v. Copeland*,
   844 F.3d 484 (5th Cir. 2016) ................................................................21

*Pearson v. Callahan*,
    555 U.S. 223, 129 S. Ct. 808 (2009)...................................................20

*Pfannstiel v. Marion*,
    918 F.2d 1178 (5th Cir. 1990) ....................................16, 17, 20, 24

*Pierce v. Smith*,
    117 F.3d 866 (5th Cir. 1997) ...........................................................20

*Poole v. Cty. of Shreveport*,
    691 F.3d 624 (5th Cir. 2012) ...........................................................21

*Ray v. Pierson*,
    386 U.S. 547 (1967)............................................................................7

*Reichle v. Howards*,
    566 U.S. 658, 132 S. Ct. 2088 (2012)...............................................24

*Rivera v. Cty. of Pasadena*,
    2021 U.S. Dist. LEXIS 153673 *6-7, 2021 WL 3620281 (S.D. Tex. August
    16, 2021) (Honorable Lee H. Rosenthal, Chief United States District Judge
    presiding) ...........................................................................................1

*Salas v. Carpenter*,
    980 F.2d 299 (5th Cir. 1992) ...........................................................19

*Saldana v. Garza*,
    684 F.2d 1159 (5th Cir. 1982) .........................................................22

*Schultea v. Wood*,
    47 F.3d 1427 (5th Cir. 1995) (En Banc) ..........................................19

*Scott v. Harris*,
    550 U.S. 372 (2007)............................................................................1

*Shepherd v. City of Shreveport*,
    920 F.3d 278, 285 ............................................................................20

*Stanton v. Sims*,
    134 S. Ct. 3 (2013)...........................................................................24

*Swilley v. Cty. of Hous.*,
    457 Fed. App'x 400 (5th Cir. 2012) .................................................18

*Taylor v. Cty. of Shreveport*,
    798 F.3d 276 (5th Cir. 2015) .............................................................1

viii

*Thompson v. Steele*,
    709 F.2d 381 (5th Cir. 1983) ...................................................................................9

*Tucker v. Cty. of Shreveport*,
    998 F.3d 165,170 (5th Cir. 2021) ............................................................................1

*U.S. v. Antone*,
    753 F.2d 1301 (5th Cir. 1985) .....................................................................7, 8, 11

*United States v. Ashley*,
    569 F.2d 975 (5th Cir.), cert. denied, 439 U.S. 853 (1978) ....................................8

*United States v. Kye Soo Lee*,
    962 F.2d 430 (5th Cir. 1992) ...............................................................................8, 9

*Waganfeald v. Gusman*,
    674 F.3d 475 (5th Cir. 2012) ...................................................................................20

*Wells v. Bonner*,
    45 F.3d 90 (5th Cir. 1995) .......................................................................................14

*Whatley v. Philo*,
    817 F.2d 19 (5th Cir. 1987) .....................................................................................19

*White v. Pauly*,
    __ U.S. __, 137 S. Ct. 548, 551 (2017)) .................................................................20

*Zapata v. Melson*,
    750 F.3d 481 (2014)..................................................................................................19

**Constitutions**

First Amendment .........................................................................................................15

Fourth Amendment ...............................................................6, 7, 10, 11, 14, 15, 16

Fourteenth Amendment ..............................................................13, 14, 17, 23

**Statutes**

42 U.S.C. § 1983..............................................................................1, 7, 16, 17, 22

**Court Rules**

Fed. R. Civ. P. 12(b)(6).............................................................................................1, 3

NATURE AND STAGE OF THE PROCEEDINGS

On February 08, 2022, Plaintiff filed suit against Pasadena Police Officers Mark Ferguson, Elias Vega, and Damon P. Drey, asserting claims 42 U.S.C. § 1983 based on Plaintiff's February 09, 2020 arrest for suspected driving while intoxicated. Plaintiff alleges probable cause was lacking for his arrest and that officers fabricated evidence to substantiate Plaintiff's arrest. Defendants move, under Fed. R. Civ. P. 12(b)(6), the Court to dismiss Plaintiff's claims.

PLAINTIFF HAS INCORPORATED DOCUMENTS AND RECORDINGS INTO HIS ALLEGATIONS THAT ARE CENTRAL TO HIS CLAIMS

Plaintiff's complaint is replete with direct references and quotes to four documents and three body-worn camera recordings, through which Plaintiff bases his claims. [Doc. 1]. When, as is the case here, "there is a video and audio recording of the event, [the Court is] not required to accept factual allegations that are 'blatantly contradicted by the record.'" *Tucker v. Cty. of Shreveport*, 998 F.3d 165,170 (5th Cir. 2021) (*quoting Scott v. Harris*, 550 U.S. 372, 380 (2007)). It is appropriate for the Court to evaluate the factual allegations in light of the actual recorded events central to Plaintiff's claims to determine whether the facts alleged, including those on the video which belie Plaintiff's pleading allegations, show a plausible claim for relief. *Compare, Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003), *and Lovelace v. Software Spectrum*, 78 F.3d 1015, 1017 (5th Cir. 1996), with *Taylor v. Cty. of Shreveport*, 798 F.3d 276, 279 (5th Cir. 2015); *Griffin v. Cty. of Sugar Land, Texas*, 2019 U.S. Dist. LEXIS 5837, 2019 WL 175098, *6 (S.D. Tex. Jan. 11, 2019) (Honorable Sim Lake, United States District Judge presiding), aff'd, 787 Fed. Appx. 244 (5th Cir. 2019), *and Rivera v. Cty. of Pasadena*, 2021 U.S. Dist. LEXIS 153673 *6-7, 2021 WL 3620281 (S.D. Tex. August 16, 2021) (Honorable Lee H. Rosenthal, Chief United States District Judge presiding).

"When a defendant attaches documents to its motion [to dismiss] that are referenced in the complaint and are central to the plaintiff's claims [], the court can also properly consider those documents." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co*, 920 F.3d 890, 900 (5th Cir. 2019) (*citing Causey v. Sewell Cadillac-Chevrolet, Inc*., 394 F.3d 285, 288 (5th Cir. 2004) and *In re Katrina Canal Beaches Litig*., 495 F.3d 191, 205 (5th Cir. 2007)). "In so attaching [these exhibits that are central to Plaintiff's claims], the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

Here, Plaintiff attached a February 09, 2018 affidavit for search warrant ("Blood Warrant") in support of and central to his claims referenced in Counts 1-6 of his Original Complaint. [Doc. 1, p. 35-43]. In addition to direct references, Plaintiff included several images of the blood warrant in his complaint. [Doc. 1,  ¶97, ¶102, ¶107, ¶118]. Additionally, Plaintiff directly references Officer Vega's Report ("Vega Report") in his complaint in support of and central to his claims referenced in Counts 1-6 of his Original Complaint. [Doc. 1, p. 35-43]. Plaintiff further cites direct quotations in support of and central to Plaintiff's claims to the alleged falsity of the Vega Report in Sec. 4(B) of his complaint. [Doc 1, ¶¶129-139].

Similarly, Plaintiff directly references Officer Drey's Supplemental Report ("Drey Report") in support of and central to his claims referenced in Counts 1-6 of his Original Complaint. [Doc. 1, p. 35-43]. Plaintiff further cites direct quotations in support of and central to his claims to the alleged falsity of the Drey Report in Sec. 4(C) of his complaint. [Doc 1, ¶142, ¶144]. Plaintiff further directly references a third report submitted by Officer Vega via the District Attorney Intake Management System ("DIMS Report") in his complaint in support of and central to his claims referenced in Counts 1-6 of his Original Complaint. [Doc. 1, p. 35-43]. Plaintiff further cites direct quotations in support of and central to his claims to the alleged falsity of the

DIMS Report in Sec. 4(E) of his complaint. [Doc 1, ¶157 (a-h)].

Lastly, the entirety of Plaintiff's allegations stem from quoted statements by Defendant Officers on the scene. [Doc.1]. Plaintiff cites direct quotes from body-worn camera recordings of Officer Vega and Officer Drey in support of and central to his claims that the Defendant's observations and statements on scene directly contradict the Blood Warrant, Vega Report, Drey Report, and DIMS report—thus illustrating Defendants purported lack of probable cause and fabrication of evidence. [Doc. 1, ¶¶ 4, 7, 57, 58, 62(a-c), 64-65, 67, 76-81, 83, 98, 103, 108, 113, 123(l, r), 131, 135, 137, 143, 145, p. 30 (Chart)]. The quoted recorded statements are clearly central to Plaintiff's claims alleged in Counts 1-6 of his Original Complaint. [Doc. 1,  p. 35-43]. It is axiomatic the body-warn camera of Officer Vega, Dash Camera of Drey, Officer Drey, Vega Report, Blood Affidavit, Drey Report, and DIMS report fall under the exception to allow the Court to consider such information in the context of a Rule 12(b)(6) motion.

## SUMMARY OF THE ARGUMENT

Plaintiff fails to allege facts which state a plausible claim for relief. Specifically, Plaintiff fails to allege facts which show any violation of the 4th or 14th Amendments. Plaintiff also fails to allege facts which overcome any individual Defendant's qualified immunity. Therefore, Defendants' move the Court to dismiss Plaintiff's suit.

## STATEMENT OF THE ISSUES

1.      Whether Plaintiff's factual allegations including the recordings and reports central to Plaintiff's claims, if ultimately proven, plausibly show that any Defendant violated the Constitution or laws of the United States?

2.      If Plaintiff has alleged facts which show unconstitutional conduct, whether Plaintiff's factual allegations including the recordings and reports central to Plaintiff's claims, if ultimately proven, plausibly show that any individual Defendant violated a clearly established federal right?

PLAINTIFF'S ALLEGATIONS

3.      On February 9, 2020,  approximately 1:00 AM, Officer Drey stopped the vehicle Plaintiff

was driving after Drey committed a traffic infraction in Pasadena, Texas. [Doc. 1 ¶¶ 24-26]. Officer

Drey asked Plaintiff to step out of his car and to provide his driver license, to which Plaintiff

complied. *Id*, ¶35-36. Plaintiff admitted to drinking two beers  a bar a couple of hours earlier. *Id.*

¶41. Officer Drey asked Plaintiff to remain outside his vehicle until DWI Task Force investigators

arrived approximately 11 minutes and 30 seconds later. *Id*. ¶ 43.

4.      Upon arrival, the DWI Task Force investigators consisted of Officer Ferguson and his

junior partner Officer Vega.  *Id*. ¶ 45. Officer Vega took the lead in evaluating Plaintiff and Officer

Vega conducted standardized field sobriety tests with Plaintiff's consent. *Id*. ¶ 50-52. Upon Officer

Vega's conclusion of the SFST exam, Officer Vega spoke with Officer Ferguson  the scene while

Plaintiff remained standing by himself without handcuffs. *Id*. ¶ 57-59. Officer Vega informed

Officer Drey "He's good" and "I only got two clues on the HGN… He just had the lack of smooth

pursuit." *Id* ¶ 62(a-c) (emphasis added). In response, Officer Drey stated "I figured" and noted

before the DWI unit arrival on scene, Plaintiff "seemed pretty clear-eyed and everything." *Id.*  ¶64.

After finishing the conversation, Officer Vega returned Plaintiff's driver's license and returned to

speak with Officer Ferguson. *Id*  ¶66. Officer Ferguson told Plaintiff "You are going to be going

home." *Id.*  ¶ 67.

5.      Subsequently, Officer Ferguson asked Plaintiff to take a voluntary Preliminary Breath Test

(PBT). *Id*.  ¶¶ 69-71. Plaintiff questioned the basis of Officer Ferguson's request. *Id*.  ¶75. Officer

Ferguson told Officer Vega, "He doesn't want to do it. Let's take him to jail, we'll get him a breath

test." *Id*.  ¶¶ 75-76. Plaintiff responded "Hold on, hold on, hold on…"  to which Officer Ferguson

responded "I'm telling you. All this is—is helping him [Officer Vega]. You are going to be going

home." *Id*. ¶¶77-78.  Plaintiff asked "What's the test for?" to which Officer Ferguson responded

"To see where he [Officer Vega] is-if he's doing the right thing That's all it is." *Id.* ¶¶ 79-80. Plaintiff asked whether he could make a phone call and Officer Ferguson responded "No, take him to jail." *Id* ¶81. Plaintiff alleges both Officer Vega and Officer Ferguson handcuffed and arrested plaintiff. *Id* ¶82, 86. Officer Vega told Plaintiff he "should have listened to the officer." *Id.* ¶83.

6.      While Plaintiff was in the patrol vehicle, Officers Drey, Vega, and Ferguson briefly huddled out of earshot of Plaintiff and his partner, who was still seated in Plaintiff's vehicle. *Id.* ¶ 88. Officer Vega processed Plaintiff  the station, but Plaintiff could not see Officer Vega or Ferguson after he was placed in a jail cell. *Id.* ¶ 90. Officer Drey completed his report  2:43:42 a.m. *Id.* ¶ 91.

7.      Plaintiff alleges all Defendants submitted the Blood Warrant under only Officer Vega's name. *Id.* ¶94 (emphasis added). In the affidavit, Plaintiff alleges the "clues" seen on the HGN, One Leg Stand, and Walk & Turn test were fabricated and contradictory to the clues purportedly seen or stated by Officer Vega on the scene. *Id.* ¶¶97, 102, 107. Plaintiff further alleges other evidence of intoxication such as the odor of alcohol emitting from his breath, manner of speech, and attitude were equally fabricated and contradictory to Officer Vega's observations or statements on the scene. *Id.* ¶¶112, 118, 121. Lastly, Plaintiff alleges the Blood Warrant omitted purported exculpatory observations Plaintiff believes are consistent with the lack of intoxication including orderly clothes. *Id.* ¶¶123.

8.      As to the Vega Report, Plaintiff alleges the statements regarding the SFST was fabricated and inconsistent with the purported factual observations or statements of Officer Vega on scene. *Id* ¶¶130-38. Similarly, regarding the Drey Report, Plaintiff alleges the statements made therein were equally fabricated and contradictory to the purported factual observations or statements of Officer Drey on scene. *Id.* ¶¶142-46. Plaintiff further alleges Officer Vega made a phone call to

the Harris County District Attorney's office, screening prosecutor, to the recite the same purportedly fabricated statements in an effort to have Plaintiff prosecuted. *Id*. ¶¶147-52.

9.    Regarding the DIMS Report, Plaintiff asserts Officer Vega reported the same alleged false allegations in the Blood Warrant in a second "affidavit" referred to herein as the DIMS report. *Id*. ¶¶157. Plaintiff summarily alleges all Defendants acted under the direction of Officer Ferguson or in coordination with each other to create the Blood Warrant, Vega Report, Drey Report, and the DIMS report. *Id*.  ¶¶126, 129,146.

ARGUMENT AND AUTHORITIES

**I.    Plaintiff cannot state a plausible claim for relief without satisfying the minimum pleading standard enunciated in *Ashcroft v. Iqbal*.**

10.    In *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009), the Supreme Court both enunciated the pleading standard required for a plaintiff to state a plausible claim for relief and detailed the appropriate method for analyzing the adequacy of pleading allegations under the controlling standard. Under that governing standard, the Court must perform "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S.  679. "[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Id*.  686. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*.  678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1966 (2007)).

**A. Plaintiff fails to allege facts which show any claim under the Fourth Amendment.**

**1.   There is no allegation that eradicates probable cause to arrest Plaintiff.**

11.    To prevail on a false arrest claim, a plaintiff must show that the officer did not have probable cause to arrest him. *Haggerty v. Tex. Southern Univ.*, 391 F.3d 653, 655 (5th Cir.

2004). Assuming *arguendo* Plaintiff's allegations regarding the purported fabrication of SFST results are true, Plaintiff's complaint nonetheless establishes sufficient probable cause for an arrest based solely on Officer Drey's observations as stated in Plaintiff's complaint. *See* Doc. 1  ¶¶26, 41, 109, 117, 123(l), 145, p.30 Chart, 116, 142, 157 (g). "Probable cause 'is not a high bar.'" *D.C v. Wesby*, 138 S. Ct. 577, 586 (2018) (*quoting Kaley v. United States*, 571 U.S. __, 134 S. Ct. 1090, 1103 (2014)).

12.     The Fourth Amendment requires an arrest to be supported by probable cause. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "Under the prevailing view in this country a peace officer who arrests someone with probable cause is not liable for false arrest [even if] the innocence of the suspect is later proved." *Ray v. Pierson*, 386 U.S. 547, 555 (1967). "Probable cause 'is not a high bar.'" *District of Columbia v. Wesby*, __ U.S. __, 138 S. Ct. 577, 586 (2018) (*quoting Kaley v. United States*, 571 U.S. 320, 338 (2014)).

13.     "The probable cause issue must be analyzed under the 'totality of the circumstances' as to whether there is a 'fair probability' that a crime is occurring." *U.S. v. Antone*, 753 F.2d 1301, 1304 (5th Cir. 1985) (citations omitted). Probable cause is an objective standard that must be viewed from the perspective of a hypothetical reasonable officer, so an arresting officer's personal motivation for making an arrest is irrelevant. *Devenpeck*, 543 U.S.  153; *Graham v. Connor*, 490 U.S. 386, 397, 109 S. Ct. 1865 (1989).

14.     "The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed for every suspect released." *Baker v. McCollan*, 443 U.S. 137, 145 (1979).

15.     Here, taking the Plaintiff's allegations as true, Officer Drey witnessed sufficient actions to establish probable cause for *any officer* to lawfully arrest Plaintiff. See Doc. 1 ¶¶26, 41, 109, 117, 123(l), 145, p.30 Chart, 116, 142, 157 (g). Namely, Plaintiff's complaint states Officer Drey

initiated a traffic stop for failure to signal a lane change  one AM, Plaintiff admitted to drinking

two beers, Officer Drey noticed the odor of alcohol emitting from Plaintiff's breath, and witnessed

Plaintiff swaying prior to Officer Vega and Ferguson's arrival. *Id*.

16.      Based on the totality of the circumstances, Plaintiff's complaint illustrates a probability or

substantial chance of criminal activity occurring—driving while intoxicated, after Plaintiff failed

to signal a lane change, admitted to drinking, had the odor of alcohol on his breath, and was

swaying as witnessed by Officer Drey. *Id*.; *Antone*, 753 F.2d  1304. Thus, *any* officer on scene had

sufficient probable cause based on Officer Drey's observations. *United States v. Kye Soo Lee*, 962

F.2d 430, 435 (5th Cir. 1992) (quoting *United States v. Ashley*, 569 F.2d 975, 983 (5th Cir.), cert.

denied, 439 U.S. 853 (1978)); *See* Doc. 1,  ¶26, 41, 109, 117, 123(l), 145, p.30 Chart, 116, 142,

157 (g). But the Court need not restrict itself to the pleadings, as Plaintiff has chosen to incorporate

video and documentary evidence in the record refuting any plausible claim of unreasonable arrest.

**B.  Plaintiff fails to allege facts which show a plausible claim of unreasonable arrest.**

17.      Plaintiff's incorporated evidence illustrates a lawful arrest based on probable cause for

driving while intoxicated when Plaintiff drifted into another lane while operating his vehicle, failed

to signal a lane change, admitted to drinking, had the odor of alcohol on his breath, and exhibited

several signs of intoxication during the administration of a standardized field sobriety test. *See*

Officer Drey Patrol Unit Dash Camera,  counter 0:01-1:25, 5:22-30; Officer Drey Body Camera,

counter 4:55, 5:22-30, 8:08-33; Drey Report; Officer Vega Body Camera,   counter 00:30-

45;00:50-01:10, 2:55-10:05; Vega Report.

18.      A plaintiff's general denial of intoxication does not put the question of probable cause

determination into dispute, because the true issue is whether the officer had probable cause to

believe that the plaintiff was intoxicated and thus committed the offense, not whether the plaintiff

was  actually intoxicated. *See Gibson*, 44 F.3d 274, 277 n.7. Thus, other than conclusory

allegations, Plaintiff's complaint fails to plead sufficient facts to establish any individual Defendant lacked probable cause to effectuate the arrest made the basis of this lawsuit.

19.     Plaintiff claims—with no plausible factual allegations, the Defendants allegedly fabricated inaccurate statements in the Vega report and DIMS Report to establish probable cause to arrest Plaintiff. [Doc. 1 ¶¶189-212, 222-26]. Even absent those statements, however, the pleadings nonetheless indicate an *independent* source of probable cause as viewed by Officer Drey and subsequently communicated to Officer Ferguson and Officer Vega upon their arrival on scene. *See Supra* ¶17. "'Probable cause can rest upon the collective knowledge of the police, rather than solely on that of the officer who actually makes the arrest,' when there is 'some degree of communication between the two.'" *Kye Soo Lee*, 962 F.2d  435;

### C. There is no allegation of personal involvement of Officer Drey in unconstitutional conduct.

20.     As a threshold matter, Plaintiffs must allege facts which plausibly show personal involvement of each individual Defendant in unlawful conduct that violated clearly established law. *See Joseph v. Bartlett*, 981 F.3d 319, 325 (5th Cir. 2020); *Meadours v. Ermel*, 483 F.3d 417, 421-422 (5th Cir. 2007). Plaintiff's allegations must specify personal involvement in unconstitutional conduct to support a claim against a Defendant. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992); *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). Plaintiff fails to meet this standard by alleging blanket claims against all Defendants throughout his complaint without any *indica* of personal involvement.

21.     Instead, Plaintiff initially claims Officer Vega arrested Plaintiff  the direction of Officer Ferguson. [Doc. 1 ¶¶7, 98, 203, 211]. Plaintiff alleges only Officer Ferguson arrested Plaintiff. *Id* ¶¶148, 224. Plaintiff then claims only Officer Ferguson arrested him. *Id*  Sec.III, ¶123(u). Later, Plaintiff claims both Officer Vega and Officer Ferguson Plaintiff. *Id* ¶¶86. Lastly, Plaintiff summarily claims all three officers arrested Plaintiff. *Id*  ¶88, 92, 93, 123(v), 146, 217-19.

22.     As plead, Plaintiff has failed to specify any personal involvement in unconstitutional conduct to support a claim against a Defendant. *See Murphy* 950 F.2d  292. Contrarily, Plaintiff fails to identify—without contradiction, the arresting officer nor the unlawful conduct he purportedly violated as required under established precedent. *See Joseph* 981 F.3d  325; *Meadours* 483 F.3d  421-22.

## II.     Plaintiff fails to allege facts which show a plausible claim under *Franks v. Delaware* doctrine.

23.     *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674 (1978) pertains to the factual circumstance when an officer knowingly, intentionally, or with reckless disregard for the truth makes a false statement in a warrant affidavit. *see also Melton v. Phillips*, 875 F.3d 256, 262 (5th Cir. 2017) (en banc). Plaintiff asserts the conclusion that each Defendant fabricated or assisted in the fabrication of the Blood Warrant and DIMS report, but the records central to Plaintiff's claims and other allegations in Plaintiff's complaint show that only one officer submitted affidavits. [Doc. 1, ¶189-212, 222-26].

### A.  There is no allegation that eradicates probable cause to arrest Plaintiff.

24.     Even if true, however, the alleged inaccurate statements Plaintiff claims were present in the Vega report and DIMS Report, are not necessary to establish probable cause to arrest Plaintiff. Therefore, the purportedly inaccurate statements provide no basis for a Fourth Amendment claim. *See Hart*, 127 F.3d  442.

25.     Plaintiff asserts the following information is false or misleading. The Blood Warrant references Officer Vega's statement describing clues witnessed on the SFST. *See* Blood Warrant, p.1. Plaintiff challenges Officer Vega's recitation of the facts and observations learned from Officer Drey, contrasting purported statements made on recordings. [Doc. 1 Chart p.30]. Plaintiff challenges Officer Vega's statement wherein Officer Drey claimed Plaintiff had "red and glassy

eyes," and "slurred speech." *See* Blood Warrant, p.1.

26.     Plaintiff admits, however, to being pulled over for a traffic violation  1 AM, informing Officer Drey that Plaintiff drank two beers, and that Officer Drey witnessed Plaintiff sway. *See* Doc. 1 ¶¶26, 41, 109, 117, 123(l), 145, p.30 Chart, 116, 142, 157 (g). Plaintiff claims he did not emit the odor of alcohol, but this assertion is incompatible with Plaintiff's admission he had consumed alcoholic beverages, and Plaintiff's assertion is further refuted by Plaintiff's previous admission in the complaint and Officer Drey's statement "you smell of alcohol" on scene to Plaintiff—which he acknowledged. Officer Drey Body Camera,  counter 5:22-30.

27.     Thus, irrespective of the challenged statements in the Blood Warrant, Plaintiff is left with the undisputed facts witnessed by Officer Drey on scene: Officer Drey initiated a traffic stop for failure to signal a lane change  one AM, Plaintiff admitted to drinking two beers, Officer Drey noticed the odor of alcohol emitting from Plaintiff, and witnessed him swaying prior to Officer Vega and Ferguson's arrival. *Id*.  See Doc. 1  ¶¶26, 41, 109, 117, 123(l), 145, p.30 Chart, 116, 142, 157 (g).

28.     Thus, based on the totality of the circumstances, Plaintiff's complaint illustrates a probability or substantial chance of criminal activity occurring—driving while intoxicated, after Plaintiff failed to signal a lane change, admitted to drinking, had the odor of alcohol on his breath, and was swaying as witnessed by Officer Drey, after the information about which Plaintiffs complain is removed from the probable cause analysis. *Id*.; *Antone*, 753 F.2d  1304. Probable cause is established independent of the refuted observations and SFST results.

29.     Regarding the DIMS report, Plaintiff meets the same fate after withdrawing the alleged fabricated statements. Specifically, the DIMS report recites Officer Drey's observations as written by Officer Vega wherein Plaintiff refutes the "red and glassy eyes," and "slurred speech." *See* DIMS report. However, absent those observations, Plaintiff is left with the undisputed facts

witnessed by Officer Drey on scene: Officer Drey initiated a traffic stop for failure to signal a lane change one AM, Plaintiff admitted to drinking two beers, Officer Drey noticed the odor of alcohol emitting from Plaintiff, and witnessed him swaying prior to Officer Vega and Ferguson's arrival. *See* Doc. 1 ¶¶26, 41, 109, 117, 123(l), 145, p.30 Chart, 116, 142, 157 (g). Officer Drey Body Camera, counter 5:22-30. Thus, on its face, probable cause is established independent of the refuted observations and SFST results.

### B. There is no allegation of personal involvement of Officers Drey and Ferguson in unconstitutional conduct.

30.     Plaintiff has failed to plead facts which plausibly show personal involvement of each individual Defendant in the execution of the Blood Warrant or DIMS report that violated clearly established law. *See*, *Meadours* 483 F.3d 421-22. "An officer must have assisted in the preparation of, or otherwise presented or signed a warrant application in order to be subject to liability under Franks." *Melton*, 875 F.3d 263-64

31.     Here, Plaintiff makes a conclusory allegation that Officer Vega " Defendant Ferguson's direction and in coordination with Defendants Ferguson and Drey, wrote and submitted a sworn affidavit containing statements they knew to be false, and omitting exculpatory statements they knew to be true." [Doc 1 p.192]. In its conclusory allegation, Plaintiff refers to the Blood Warrant attached to his Original Petition. *See* [Doc 1-1]. Plaintiff makes a further conclusory claim that the Drey Report and Vega Report were submitted for the purposes of corroborating the Blood Warrant and DIMS report.

32.     On the face of the Blood Warrant and the DIMS Report, however, is absolutely no factual allegation that Officer Drey or Officer Ferguson participated in execution of the Blood Warrant or DIMS Report, nor factual allegation Officer Drey submitted his supplemental report (Drey Report) for the purpose of it being included in a warrant application. *See* Blood Warrant; *see also* DIMS

Report and Drey Report. Similarly, Plaintiff has failed to show factual allegations—other than conclusory assertions—that Officer Ferguson participated in the execution of the Blood Warrant or DIMS report, nor an allegation he submitted any additional information for the purpose of it being included in a warrant application. *See* Blood Warrant.

33.     Thus, Plaintiff's conclusory assertions cannot state a plausible claim for relief that Officer Drey or Officer Ferguson fabricated evidence in violation of Plaintiff's rights. On its face, the only officer that provided information for the Blood Warrant and DIMS report was Officer Vega as illustrated by his sole signature and excerpts from his report. *Id.* Conclusory allegations against Officer Vega, however, are insufficient to state a plausible claim for relief and should be dismissed.

34.     Further, Plaintiff has utterly failed to allege facts to illustrate Officer Drey and Officer Ferguson's alleged involvement in the execution of the alleged fabricated warrants. *See* Blood Warrant; *see also* DIMS Report and Drey Report.

35.     As it stands, neither Officer Drey nor Officer Ferguson's signature are on the disputed documents and there is no *Id*entifying information to indicate either Officer assisted in the execution of the purportedly fabricated warrants. Thus, the claims for an alleged fabrication of evidence against Officer Drey and Officer Ferguson are facially deficient and should be dismissed.

36.     To the extent the Court is inclined to accept Plaintiff's conclusory assertions against Officer Vega for fabrication of evidence in the Blood Warrant and DIMS Report, Plaintiff still fails to state a claim that Officer Vega violated Plaintiffs rights as the arrest was ultimately supported by probable cause. *Infra* Section 4.

## III.     Plaintiff fails to allege facts which show any claim under the Fourteenth Amendment based upon Plaintiff's arrest or criminal prosecution.

30.     Plaintiff's complaint largely stems from the alleged fabrication of false documentary evidence created after the traffic stop leading to Plaintiff's arrest, detention, and prosecution. [Doc

1 at p.35-43]. The alleged fabricated evidence, as discussed herein,  issue is the Blood Warrant, Vega Report, Drey Report, and the DIMS report cited *in extenso* in Plaintiff's complaint. [Doc 1]. Plaintiff alleges a Fourteenth Amendment claim to prosecute his alleged fabrication of false evidence used to "frame" Plaintiff. *Id*¶¶190-98. In doing so, however, Plaintiff alleges conclusory allegations in the attempt to illustrate the tort of malicious prosecution stemming from the alleged fabrication of evidence. *Id* ¶¶2-3, 9, 151, 193. Taking Plaintiffs allegations as true, he fails to allege facts which show a claim under the 14th Amendment.

**A.  There is no recognized claim for Malicious Prosecution.**

31.     "Malicious prosecution and abuse of process are torts, not constitutional violations. The facts underlying these tort allegations may constitute unconstitutional searches, seizures, or violations of due process. But that does not convert the common law tort into a violation of the Constitution." *Morgan v. Chapman*, 969 F.3d 238, 245 (5th Cir. 2020). "The Framers [of the Constitution] considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it." *Albright v. Oliver*, 510 U.S. 266, 274, 114 S. Ct. 807, 813 (1994); *accord Manuel v. Cty. of Joliet*, 137 S. Ct. 911, 914-15 (2017). The Fifth Circuit Court, in accord with the Supreme Court's holding in Albright, held that allegations criminal charges were brought without authority must be evaluated under the Fourth Amendment, not the Fourteenth Amendment. *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435 (5th Cir. 2015); *Wells v. Bonner*, 45 F.3d 90 (5th Cir. 1995).

32.     There is no right under the Fourteenth Amendment to be free from criminal prosecution without probable cause. *Albright*, 510 U.S.  268, 114. Instead, "[b]oth the standards and procedures for arrest and detention have been derived from the Fourth Amendment and its common-law antecedents." *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975). Therefore, Plaintiff "is not 'entitled to judicial oversight or review of the decision to prosecute.'" *See Albright*, 510 U.S.  266, 114

(quoting *Gerstein*, 420 U.S.  118-119.)

**IV.**   **Plaintiff fails to allege facts to illustrate a claim for Bystander Liability.**

33.     Plaintiff asserts a blanket and conclusory claim against all Defendants stating "Defendants each had multiple reasonable opportunities to intervene and prevent these violations but, acting with deliberate indifference, declined to do so. [Doc 1 ¶229]. Plaintiff's blanket assertion is logically unsound. First, Plaintiff makes a conclusory allegation that all Defendants committed some unspecified violation of Plaintiff's rights, but all simultaneously failed to timely intervene on the other's unspecified violation. *Id*. Plaintiff fails to identify the purported violation, who committed the violation such that an individual Defendant failed to timely intervene and failed to identify the reasonable opportunity any individual Defendant had to prevent the unspecified violation, but nevertheless chose not to act. *Id*. ¶¶ 227-32. Thus, the Plaintiff's factual allegations are facially deficient and should be dismissed.

34.     An officer is liable for failure to intervene when that officer: (1) knew a fellow officer was violating an individual constitutional rights, (2) was present  the scene of the constitutional violation, (3) had a reasonable opportunity to prevent the harm but nevertheless, (4) chose not to act. *Joseph v. Bartlett*, 981 F.3d 319, 343 (5th Cir. 2020). Plaintiff offers nothing but conclusory assertions, but no facts which show that any individual officer could reasonably have prevented an unspecified violation, even if he observed it. Therefore, Plaintiff failed to allege facts which state a plausible claim under the Fourth Amendment.

**V.**   **Plaintiff fails to allege facts to illustrate a First Amendment Violation**

35.     Here, despite failing to identify the arresting officer, Plaintiff basis his arrest on Officer Ferguson's alleged retaliation for "engaging in constitutionally protected speech" when he questioned the legitimacy of—and his legal obligation to agree to—Officer Ferguson's urging that he take a voluntary breath test for the purported reason of "helping Defendant Vega." [Doc. 1

¶215]. Plaintiff fails, however, to cite to *any* legal precedent supporting his conclusory assertion that questioning the legitimacy of a voluntary breath test during an investigatory stop has been recognized as "protected free speech." Thus, if the clearly established law did not put each individual Defendant on notice his or her conduct would be clearly unlawful, Plaintiff has not stated a claim. *See Mendenhall*, 213 F.3d 230.

36.    Notwithstanding Plaintiffs inability to overcome qualified immunity on this purported First Amended "protected speech," Plaintiff's claim fails for the same reason his Fourth Amendment claim fails. Probable cause existed to arrest Plaintiff.

The Supreme Court clarified this area of the law as recently as 2019 in *Nieves v. Bartlett*, 139 S. Ct. 1715, 1724 (2019). In *Nieves*, the Court stated explicitly that the "plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest." *Id.* As stated *supra* § III, taking the Plaintiff's allegations as true, Officer Drey witnessed enough actions to establish sufficient probable cause to arrest Plaintiff. *See* Doc. 1 ¶¶ 26, 41, 109, 117, 123(l), 145, p.30 Chart, 116, 142, 157 (g). Again, the Court need not restrict itself to the pleadings, as Plaintiff has chosen to incorporate video and documentary evidence in the record.

37.    Here, Plaintiff's incorporated evidence illustrates a lawful arrest for driving while intoxicated based on probable cause when Plaintiff drifting into another lane while operating his vehicle, failed to signal a lane change, admitted to drinking, had the odor of alcohol on his breath, and exhibited several signs of intoxication during the administration of a standardized field sobriety test. *See Supra* ¶17.

## VI.    Plaintiff fails to allege facts to state a plausible conspiracy claim under §1983

38.    42 U.S.C.S. § 1983 does not provide an independent cause of action for conspiracy. *Pfannstiel v. Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990). A conspiracy may be charged under section 1983 as the legal mechanism through which to impose liability on all of the defendants

without regard to who committed the particular act, but a conspiracy claim is not actionable without an actual violation of section 1983. *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995).

39.     If qualified immunity bars Plaintiff's underlying Fourth and Fourteenth Amendment claims, "there [is] no need to reach the issue of whether a conspiracy existed to engage in those actions." *Id*. at 921. Here, the Court need not delve further into an analysis of Plaintiff's conspiracy claim in light of Defendant's presumption of qualified immunity, referenced *supra*. Regardless, assuming *arguendo*, the Court finds that the individual Defendants are not entitled to qualified immunity  this stage, Plaintiff's claim for conspiracy still fails.

**A. Plaintiff's conclusory allegations fail to plead any facts to illustrate the nature of the conspiracy, or the individual Defendant's role in the alleged conspiracy**.

40.     To raise a claim for conspiracy under § 1983, plaintiffs must allege (1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy. *Pfannstiel* 918 F.2d  1187. Simply conclusory allegations of conspiracy, without reference to material facts, are insufficient to state a conspiracy claim under § 1983. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986).

41.     To demonstrate the plausibility of an alleged conspiracy sufficient to survive a motion to dismiss, a plaintiff must therefore make "specific factual contentions regarding the nature of the conspiracy or the participants' role in the same." *Avdeef v. Royal Bank of Scot., P.L.C*., 616 F. App'x 665, 675 (5th Cir. June 8, 2015).

42.     Here, in support of his conspiracy claim, Plaintiff makes the conclusory allegation that "Defendants formed the agreement to do so either while huddling on-scene with their microphones turned off or shortly afterwards while  least Defendants Ferguson and Dray were together  the station, but before Defendants Vega and Drey produced the false statements." [Doc. 1 ¶ 225]. The remainder of Plaintiff's Complaint states contradictory facts as to each individual's purported roles

in the conspiracy.

43.     Specifically, Plaintiff claims neither Officer Drey nor Officer Vega saw Plaintiff exhibit signs of intoxication following his purported "successful SFST." [Doc. 1 § I]. However, Plaintiff later claims Officer Ferguson directed Officer Vega to make the arrest, then retracts stating Officer Ferguson made the decision to arrest Plaintiff, and later summarily concludes—without any plausible factual allegation, that all three officers arrested Plaintiff. *Supra* ¶17.

44.     Because Plaintiff has no factual allegations to support his conspiracy claim, Plaintiff offers a mere allegation that the individual defendants "briefly huddled" on scene where they must have quickly concocted an elaborate scheme to fabricate four separate reports—written separately by two individuals, and corroborate the same purported fabrications in a phone call to a prosecutor all in under two hours. The level of sophistication, planning, and execution required in Plaintiff's conclusory conspiracy claim would envy any modern day criminal enterprise. Plaintiff's theatrical attempt  a conspiracy, however, is clearly not plausible on its face. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft,* 563 U.S. at 740 (quoting. *Twombly*, 550 U.S. at 570).

**B. Plaintiff's conspiracy claims fails as a matter of law.**

45.     In light of the intercorporate conspiracy doctrine, the Pasadena Police Department and Officers Ferguson, Vega, and Drey constitute a single entity that cannot, as a matter of law, conspire with itself. *Compare, Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994); *Swilley v. Cty. of Hous.*, 457 Fed. App'x 400, 404 (5th Cir. 2012), *citing, Benningfield v. Cty. of Hous.*, 157 F.3d 369, 378 (5th Cir. 1998).

46.     Just as in *Hilliard,* Plaintiffs' own allegations show he cannot, as a matter of law, establish the "conspiracy" element of a claim as approved by the Fifth Circuit in *Hilliard.* Thus, the claim could be dismissed on this pleading defect alone. Dismissal here is patently appropriate since

Plaintiffs fail to allege facts identifying a bases on any of the other four elements necessary to state a claim.

47.     The federal pleading requirements are real and the threshold for stating a claim for relief requires factual allegations regarding *each material element necessary to sustain recovery* under an actionable legal theory. *C.f., Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir. 1989). Plaintiffs fail to state a claim under 42 U.S.C. § 1985.

**VII.    Plaintiff fails to allege facts which overcome qualified immunity.**

48.     In addition to the general pleading standards summarized in § I *supra*, to state a claim against public servants who have asserted qualified immunity, a plaintiff must "plead more than conclusions" and allege facts that overcome qualified immunity. *See Schultea v. Wood*, 47 F.3d 1427, 1430-34 (5th Cir. 1995) (En Banc); *see also Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002); *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996); *Clark v. Amoco Production Company*, 794 F.2d 967, 970 (5th Cir. 1986). "The burden is on the plaintiff to overcome a defendant's defense of qualified immunity." *Burns-Toole v. Byrne*, 11 F.3d 1270, 1274 (5th Cir.), cert. denied, 512 U.S. 1207 (1994); *accord Beck v. Texas State Board of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000); *Salas v. Carpenter*, 980 F.2d 299, 304 (5th Cir. 1992); *Brown v. Glossip*, 878 F.2d 871, 874 (5th Cir. 1989) and *Whatley v. Philo*, 817 F.2d 19, 20 (5th Cir. 1987).

49.     When a governmental employee raises qualified immunity, "the complaint must state with factual detail and particularity the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity." *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994) (emphasis added); *accord Zapata v. Melson*, 750 F.3d 481, 484-486 (2014); *Backe v. LeBlanc*, 691 F.3d 645, 649 (2012); *Schultea*, 47 F.3d  1430-34.

50.     "Qualified immunity protects officers from suit unless their conduct violates a clearly established right." *Mace v. Cty.  of Palestine*, 333 F.3d 621, 623 (5th Cir. 2003). "If reasonable

public officials could differ on the lawfulness of the defendant's actions, the defendant is entitled to qualified immunity." *Pfanstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990) (emphasis added). "The protection of qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 815 (2009) (quoting *Groh v. Ramirez*, 540 U.S. 551, 567, 124 S. Ct. 1284 (2004) (Kennedy, J., dissenting) (quoting *Butz v. Economou*, 438 U.S. 478, 507, 98 S. Ct. 2894 (1978)).

51.     "As the qualified immunity defense has evolved, it provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). "For a legal principle to be clearly established, '[the court] must be able to point to controlling authority-or a robust consensus of persuasive authority-that defines the contours of the right in question with a high degree of particularity, and that places the statutory or constitutional question beyond debate." *Waganfeald v. Gusman*, 674 F.3d 475, 483 (5th Cir. 2012)(cleaned up). This portion of the analysis "focuses not only on the state of the law  the time of the complained of conduct, but also on the particulars of the challenged conduct and/or factual setting in which it took place." *Pierce v. Smith*, 117 F.3d 866, 882 n. 5 (5th Cir. 1997).

**A.  Relevant authority did not establish beyond debate that an officer would violate clearly established law by arresting Plaintiff under the particular circumstances of this case.**

52.     "[Plaintiff] must clear a significant hurdle to defeat qualified immunity." *Brown v. Lyford*, 243 F.3d 185, 190 (5th Cir. 2001). "For a right to be clearly established, 'existing precedent must have placed the statutory or constitutional question beyond debate.'" *Shepherd v. City of Shreveport*, 920 F.3d 278, 285 (quoting Kisela v. Hughes, __ U.S. __, 138 S. Ct. 1148, 1152 (2018) (quoting White v. Pauly, __ U.S. __, 137 S. Ct. 548, 551 (2017)). "The requirement that the law be clearly established is designed to ensure that officers have fair notice of what conduct is

20

proscribed." *Brosseau v. Haugen*, 543 U.S. 194, 202 (2004). The bedrock of immunity is fair notice to every officer warning that particular conduct is clearly unlawful in the specific circumstances the officer encounters. *Id*.

53.     Plaintiff bears the burden of alleging particularized facts which overcome immunity, *Orr v. Copeland*, 844 F.3d 484, 490-91 (5th Cir. 2016), but Plaintiff has not alleged facts which identify any basis for concluding that every objective officer would have been on notice that arresting the Plaintiff for driving while intoxicated after a lawful stop for drifting into another lane while operating his vehicle, failure to signal a lane change, admit to drinking, having the odor of alcohol on his breath, and seeing several signs of intoxication during the administration of a standardized field sobriety test was clearly unlawful—because none exists. *See Supra* ¶17. *See also Anderson v. Creighton*, 483 U.S. 635, 640 (1987); Gibson v. Rich, 44 F.3d 274, 277 (5th Cir. 1995); *Mullenix v. Luna*, 577 U.S. 7,11 (2015); *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000).

### B.   Relevant authority did not establish beyond debate that an officer would violate clearly established law by making an arrest arguably supported by probable cause.

54.     When an individual asserts a claim for wrongful arrest, qualified immunity will shield officers from suit if a reasonable officer could have believed the arrest  issue to be lawful, in light of clearly established law and the information the arresting officers possessed. *See Mendenhall*, 213 F.3d  230-31. Officers who "reasonably but mistakenly conclude probable cause is present" are entitled to qualified immunity. *Mangieri v. Clifton*, 29 F.3d 1012, 1017 (5th Cir. 1994) (quoting *Hunter v. Bryant*, 502 U.S. 224, 112 S. Ct. 534, 536 (1991)); *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994); *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir.1995). "This standard, even on summary judgment, 'gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law.'" *Poole v. Cty. of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

55.    "[I]t is clear that a police officer may be immune from liability under § 1983 even if it is later determined that probable cause for an arrest did not exist." *Saldana v. Garza*, 684 F.2d 1159, 1164 (5th Cir. 1982). Plaintiff cannot state a claim without identifying relevant legal authority which establishes that each individual Defendant violated clearly established law by arresting Plaintiff. Plaintiff has identified no legal authority in his complaint. [Doc. 1].

56.    Further, Plaintiff's complaint establishes that Officer Vega is the officer who arrested Plaintiff, then states Defendant Vega arrested Plaintiff  the direction of Officer Ferguson, then retracts stating Officer Ferguson made the decision to arrest Plaintiff, and later summarily concludes—without any supporting factual basis that all three officers arrested Plaintiff. *Compare* Doc. 1  ¶ 7 *with* ¶¶ 9, 86, 88, 92, 93, 203, 211, 218, 219.

57.    However, records central to Plaintiff's claims show that Officer Vega is the officer who arrested the Plaintiff. See Blood Warrant; Vega Report; Drey Report; DIMS report. Thus, Plaintiff has not stated sufficient facts to state a claim for false arrest as he has failed to identify the individual Defendant who arrested Plaintiff. *Compare* Doc. 1,  ¶7 *with* ¶9, 86, 88, 92, 93, 203, 211, 218, 219.

58.    Here, Defendants are "entitled to qualified immunity if a reasonable officer in [their respective] position[s] could have believed that, in light of the totality of the facts and circumstances of which [he] was aware, there was a fair probability that [Plaintiff] had committed or was committing an offense." *Haggerty*, 391 F.3d  656. No legal decisions demonstrate that controlling legal authority, or a robust consensus of persuasive authority, placed beyond debate that would violate clearly established law under circumstances which,  the very least, arguably supported by probable cause. *See Mendenhall*, 213 F.3d  231-237. Controlling jurisprudence establishes instead that an officer is entitled to qualified immunity when an arguable basis for arrest exists. *See Haggerty, Mendenhall and Brown supra*. Plaintiff cannot allege facts which satisfies

this requirement. *See Morgan*, 659 F.3d 371-72.

**C. Relevant authority did not establish beyond debate that an officer would violate clearly established law by making an arrest arguably supported by probable cause in a fabrication of evidence claim.**

59.     Plaintiff alleges a Fourteenth Amendment violation based on the alleged fabrication of evidence that led to Plaintiff's arrest and detention. [Doc. 1 ¶¶ 192-98]. In part, Plaintiff relies on *Cole v. Carson* to support his proposition that a due process violation based on fabrication-of-evidence is a recognized claim in the Fifth Circuit. [Doc 1 ¶191, p.37 n.30]. However, the facts in *Cole* are distinguished from the facts bar. *Cole* is a police shooting case wherein the Plaintiff claims Defendant officers were allowed to confer "for a considerable amount of time" before giving recorded statements to an IA investigator wherein they allegedly covered up an excessive use of force. *Cole v. Carson*, 802 F.3d 752, 763 (5th Cir. 2015). Here, there was no shooting, use of force, or a "considerable amount of time" as in the Cole case. Contrarily, Plaintiff's complaint alleges Defendant officers "briefly" huddled before departing the scene. [Doc. 1, ¶ 88]. Thus, Plaintiff has failed to overcome each Defendant's qualified immunity.

60.     Further, Plaintiff relies on *Morgan v. Chapman*, 969 F.3d 238, 250 (5th Cir. 2020), and *Frost v. New York City Police Dep't*, 980 F.3d 231, 249-50 (2d Cir. 2020). Neither case is anywhere near analogous to the facts giving rise to the instant litigation. In *Morgan*, Plaintiff alleged a Medical Board Investigator unlawfully seized medical documents outside the scope of a subpoena, and later used the ill gotten documents to charge the clinic's proprietor for operating an unlicensed pain clinic. *Morgan* 969 F.3d 242. In *Frost*, Plaintiff sued NYPD Detectives for allegedly coercing a positive identification of the Plaintiff during questioning of a witness, which later led to a murder charge. *Frost* 980 F.3d 237-41. Neither case involves facts to identify clearly established law to overcome Defendants qualified immunity.

**D. Plaintiff has not alleged facts which show that no officer could reasonably have**

**believed arresting or prosecuting Plaintiff was unlawful.**

61.     Furthermore, even if Plaintiff could make a colorable argument Officer Vega, Officer Ferguson, or Officer Drey may have violated the Constitution, they are still protected by qualified immunity because the factual allegations do not show that no officer could reasonably have believed arresting Plaintiff was arguably supported by a fair probability Plaintiff violated Texas law. *See Supra* ¶37.

62.     If the clearly established law did not put each individual Defendant on notice his or her conduct would be clearly unlawful, Plaintiff has not stated a claim. *See Mendenhall*, 213 F.3d  230.

63.     Regardless of the procedure used, determination of whether an officer's action violated clearly established law necessarily requires examination of the facts that provide the particular context of the case. *See Messerschmidt v. Millender*, 565, U.S. 535, 553-56, (2012). Thus, "'[q]ualified immunity gives government officials breathing room to make reasonable but mistaken judgments,' and 'protects all but the plainly incompetent or those who knowingly violate the law.'" *Stanton v. Sims*, 134 S. Ct. 3, 5 (2013) (quoting *Ashcroft*, 563 U.S.  743, 131 S. Ct. 2085) also (quoting *Malley*, 475 U.S.  341, 106 S. Ct.  1092)).

64.     Plaintiff has not alleged facts which show that every officer would have known the decision to arrest Plaintiff was outside an officer's legitimate discretion under clearly established law. *Compare Reichle v. Howards*, 566 U.S. 658, 664, 132 S. Ct. 2088, 2093 (2012); *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010); *Ontiveros v. Cty. of Rosenberg*, 564 F.3d 379, 385 (5th Cir. 2009); *Manis v. Lawson*, 585 F.3d 839, 846 (5th Cir. 2009); *Mendenhall*, 213 F.3d  231; *Babb*, 33 F.3d  477; and *Pfanstiel*, 918 F.2d  1183.

65.     Rather, Plaintiff only asserts conclusory allegations that are clearly contradicted by the evidence Plaintiff has chosen to incorporate into their complaint. *See Supra* ¶17. Accordingly, Plaintiff failed to state a claim against any Defendant.

CONCLUSION AND PRAYER

For these reasons, Defendants, move under Fed. R. Civ. P. 12(b)(6), to dismiss the claims

in Plaintiff's lawsuit for failure to state a claim upon which relief may be granted.

Respectfully submitted,
/s/ Norman Ray Giles
William S. Helfand
Attorney-in-Charge
SBOT: 09388250
Southern District of Texas Bar No. 8791
Bill.Helfand@Lewisbrisbois.com
Norman Ray Giles
SBOT: 24014084
Southern District of Texas Bar No. 26966
Norman.Giles@Lewisbrisbois.com
Randy E. Lopez
State Bar No. 24091829
Southern District of Texas Bar No. 3369137
Randy.Lopez@lewisbrisbois.com

OF COUNSEL:

LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (Fax)
Attorneys for Defendants

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to counsel

of record in accordance with the District's ECF service rules on this 15th day of March, 2022.

/s/ Norman Ray Giles
Norman Ray Giles
