# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| DAVID CARDONA,<br><br>       Plaintiff,<br><br>v.<br><br>MARK A. FERGUSON *et al.*,<br><br>       Defendants. | CIVIL ACTION<br><br>NO. 4:22-CV-00412 |

## AMENDED PROPOSED JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

1. *State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.*
   - The parties met on April 22, 2022 by phone. Jeremy D. Cutting, Kiah Duggins, and Jeffrey D. Stein attended on behalf of Mr. Cardona. Norman Giles and Randy Lopez attended on behalf of Defendants. The parties met again on May 3, 2022, to revisit the possibility of a consent proposed order to govern production of electronically stored information.

2. *List the cases related to this one that are pending in any state or federal court with the case number and court.*
   - Mr. Cardona lists *Heckford v. City of Pasadena, et al.*, Case No. 4:20-cv-04366, pending before this Court.
   - Defendants state that information in *Heckford* is not relevant to the instant case and list no other cases.

3. *Briefly describe what this case is about.*
   - This civil rights case alleges that three Pasadena Police Department officers conspired to fabricate evidence, including sworn statements, to frame Mr. Cardona for a felony offense in violation of his First, Fourth, and Fourteenth Amendment rights. Mr. Cardona brings this lawsuit under 42 U.S.C. § 1983, seeking declaratory and monetary relief, as well as other relief as the Court deems proper.

4. *Specify the allegation of federal jurisdiction.*

1

- The Court has jurisdiction under 28 U.S.C. §§ 1331 (action arising under the Constitution and federal law) and 1343(a) (action to redress deprivation of civil rights).

5. *Name the parties who disagree and the reasons.*
   - None.

6. *List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.*
   - None.

7. *List anticipated interventions.*
   - None.

8. *Describe class-action issues.*
   - None.

9. *State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.*
   - The parties will make the initial disclosures required by Rule 26(a) by May 6, 2022.

*10. Describe the proposed agreed discovery plan, including:*

   a. *Responses to all the matters raised in Rule 26(f).*

      i. (2) The parties do not currently anticipate that they will be able to promptly settle or resolve the case. Disclosures required by Rule 26(a)(1) will be made by May 6, 2022. The parties, as well as non-party City of Pasadena (including the Pasadena Police Department), have implemented litigation holds to preserve all potentially relevant evidence.

      ii. (3)(A) The parties agree to make initial disclosures by May 6, 2022 without any changes to the form or requirement for disclosures under Rule 26(a);

      iii. (3)(B) Plaintiff will seek discovery related to all questions of law and fact raised in the Complaint. These include but are not limited to the following subjects:

         - Defendants' conduct pertaining to the investigation, arrest, and prosecution of Mr. Cardona;

         - The disciplinary investigation of Defendants by the Pasadena Police Department regarding Mr. Cardona;

- The Pasadena Police Department's policies, practices, and procedures;

- Defendants' electronic, digital, and other communications regarding the investigation, arrest, and prosecution of Mr. Cardona;

iv. (3)(B) The parties propose the following discovery schedule: Plaintiff's expert reports by August 15, 2022; Defendants' expert reports by September 19, 2022; discovery completed by December 16, 2022; dispositive motions by February 14, 2023; pretrial disclosures by March 15, 2023; motions *in limine* by May 8, 2023; trial on May 15, 2023.

v. (3)(B) At this point in the litigation, in which only individual Defendants who have asserted qualified immunity are sued, discovery should not be conducted in phases or limited to or focused on particular issues other than those issues that are relevant to the claims and defenses at issue in the litigation and are proportional to the needs of the case.

vi. (3)(C) Plaintiff and Defendants have agreed to a proposed order governing the production of electronically stored information, attached as Exhibit 1.

vii. (3)(D) The parties do not anticipate that privileged or otherwise protected information will be exchanged during discovery in this matter. Therefore, no order under Federal Rule of Evidence 502 is necessary at present.

viii. (3)(E) The parties agree that no changes should be made in the limitations on discovery imposed under these rules or by local rule, and no other limitations should be imposed other than those established under precedential governing authority, including but not limited to proper application of qualified immunity.

ix. (3)(F) Aside from the ESI order referenced in 3(c) above, the parties agree that the Court should not issue any other orders under Rule 26(c) or Rule 16(b) and (c), beyond its standard Scheduling/Docket Control Order

b. *When and to whom the plaintiff anticipates it may send interrogatories.*
- Mr. Cardona anticipates sending interrogatories to all Defendants, as well as to any other people or organizational representatives who may possess relevant evidence, by November 16, 2022.

c. *When and to whom the defendant anticipates it may send interrogatories.*
- Defendants anticipate sending interrogatories to Mr. Cardona by November 16, 2022.

d. *Of whom and by when the plaintiff anticipates taking oral depositions.*

- Mr. Cardona anticipates taking oral depositions of all Defendants, individuals they may have communicated with about Mr. Cardona's arrest, other members of the Pasadena Police Department, as well as anyone else who may possess relevant information, by December 16, 2022.

   e. *Of whom and by when the defendants anticipate taking oral depositions.*
      - Defendants anticipate taking oral depositions of Mr. Cardona and, potentially, his partner who was in his car at the time of the incident.

   f. *When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 27(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.*
      - Mr. Cardona will designate experts and provide the requisite reports by August 15, 2022, Defendants will designate experts and provide the requisite reports by September 19, 2022. Mr. Cardona requests—though as explained in #11 below, Defendants object to—a rebuttal expert designation and disclosure deadline of October 24, 2022.

   g. *List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).*
      - Mr. Cardona anticipates taking depositions of any experts designated by Defendants by December 16, 2022.

   h. *List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 27(a)(2)(B) (expert report).*
      - Defendants anticipate taking depositions of any experts designated by Plaintiff by December 16, 2022.

11. *If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.*
    - The parties agree to the discovery plan except for the procedure regarding designation of Mr. Cardona's rebuttal experts and any associated reports. Mr. Cardona requests an opportunity to designate rebuttal experts five weeks after Defendants designate their experts—the same amount of time Defendants have to designate experts after Mr. Cardona designates his initial experts. Mr. Cardona's request for an opportunity to designate rebuttal experts is grounded in Rule 26(a)(2)(D)(ii) of the Federal Rules of Civil Procedure as well as the standard practice of permitting plaintiffs to designate experts for the exclusive purpose of rebutting points raised by defendants' experts.[1]

---

[1] *See, e.g.*, *M/T King Dorian Tankschiffahrts GmbH & Co. v. Anchor Marine & Indus. Supply, Inc.*, No. CV H-16-1060, 2018 WL 8732183, at *2 (S.D. Tex. May 14, 2018); *see also Zamora v. Hays Consol. Indep. Sch. Dist.*, No. 1:19-CV-1087-SH, 2020 WL 6528077, at *1 (W.D. Tex. Nov. 5, 2020); *Fan Co., LLC v. Pepco Licensed Prod., Inc.*, No. SA-09-CA-1029-FB, 2011 WL 13269084, at *5 (W.D. Tex. Apr. 27, 2011).

Plaintiff's Position:

- Mr. Cardona contends that because he bears the burden of proof, and because any rebuttal expert designations by him would be "intended solely to contradict or rebut evidence on the same subject matter identified by [Defendants] under Rule 26(a)(2)(B) or (C),"[2]—an opportunity Defendants already enjoy by virtue of a designation deadline that follows that of Mr. Cardona—there would be no basis for Defendants to make additional expert designations. The only scenario in which Defendants would be justified in designating their own surrebuttal experts would be if Mr. Cardona's rebuttal experts broached new subject areas not already raised by Defendants' experts, in which case they (Mr. Cardona's rebuttal experts) would not be proper rebuttal evidence in the first place. As such, Mr. Cardona contends there is no reason to deviate from the standard practice of allowing a plaintiff the opportunity to designate rebuttal experts following the defendants' expert designations.

Defendants' Position:

- Defendants object to allowing Mr. Cardona the opportunity to make rebuttal expert designations and/or disclosures. In the event the Court grants Plaintiff's rebuttal experts, Defendants will seek leave to make additional surrebuttal expert designations and disclosures in response to Mr. Cardona's rebuttal designations and disclosures.

12. *Specify the discovery beyond initial disclosures that has been undertaken to date.*
    - None.

13. *State the date the planned discovery can reasonably be completed.*
    - December 16, 2022.

14. *Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.*
    - A prompt settlement or resolution does not appear likely at this time.

15. *Describe what each party has done or agreed to do to bring about a prompt resolution.*
    - Parties agree to continue to participate in good-faith settlement negotiations throughout the duration of this case.

16. *From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.*
    - Parties agree that no alternative dispute resolution would be appropriate prior to the resolution of dispositive motions.

---

[2] Fed. R. Civ. Pro. 26(a)(2)(D)(ii).

17. *Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.*
    - The parties do not consent to a trial before a magistrate judge.

18. *State whether a jury demand has been made and if it was made on time.*
    - Mr. Cardona timely made his jury demand on the face of the Complaint (Doc. 1).

19. *Specify the number of hours it will take to present the evidence in this case.*
    - Approximately 25 hours.

20. *List pending motions that could be ruled on at the initial pretrial and scheduling conference.*
    - Defendants' Motion to Dismiss (Doc. 11).

21. *List other motions pending.*
    - There are no other motions pending.

22. *Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.*
    - None.

23. *List the names, bar numbers, addresses and telephone numbers of all counsel.*

    Counsel for Mr. Cardona

    - **Jeremy D. Cutting** (*pro hac vice*) | 1601 Connecticut Ave. NW, Suite 800, Washington, DC 20009 | (413) 695-3444 | cody@civilrightscorps.org
    - **Kiah Duggins** (*pro hac vice*) | 1601 Connecticut Ave. NW, Suite 800, Washington, DC 20009 | (781) 523-9531 | kiah@civilrightscorps.org
    - **Jeffrey D. Stein** (Tex. Bar No. 24124197; S.D. Tex. Bar No. 3600520) | 1601 Connecticut Ave. NW, Suite 800, Washington, DC 20009 | (202) 932-1276 | jeff@civilrightscorps.org

    Counsel for Defendants

    - **William S. Helfand** (Tex. Bar No. 09388250; S.D. Tex. Bar No. 8791) | 24 Greenway Plaza, #1400, Houston, TX 77046 | (713) 659-6767 | bill.helfand@lewisbrisbois.com
    - **Norman Ray Giles** (Tex. Bar No. 24014084; S.D. Tex. Bar No. 26966) | 24 Greenway Plaza, #1400, Houston, TX 77046 | (713) 659-6767 | norman.giles@lewisbrisbois.com
    - **Randy Lopez** (Tex. Bar No. 24091829; S.D. Tex. Bar No. 24091829) ) | 24 Greenway Plaza, #1400, Houston, TX 77046 | (713) 659-6767 | randy.lopez@lewisbrisbois.com

| | |
|---|---|
| Dated: May 4, 2022 | Respectfully Submitted, |

*[Signature: Jeffrey Stein]*

Jeremy D. Cutting* (pro hac vice)
Kiah Duggins (pro hac vice)
Jeffrey D. Stein**
Tex. Bar No. 24124197
S.D. Tex. Bar No. 3600520
CIVIL RIGHTS CORPS
1601 Connecticut Ave. NW, Suite 800
Washington, DC 20009
(202) 844-4975
cody@civilrightscorps.org
kiah@civilrightscorps.org
jeff@civilrightscorps.org

*Admitted to practice in NY and GA only. Practicing under supervision of DC Bar members.
**Attorney-in-Charge
Counsel for Plaintiff

*Norman R. Giles*

William S. Helfand
Bill.Helfand@lewisbrisbois.com
Attorney-in-Charge
SBOT: 09388250
Southern District of Texas Bar No. 8791
Norman Ray Giles
Norman.Giles@lewisbrisbois.com
SBOT: 24014084
Southern District of Texas Bar No. 26966
Randy E. Lopez
Randy.Lopez@lewisbrisbois.com
SBOT: 24091829
Southern District of Texas Bar No. 3369137

OF COUNSEL:
LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (Fax)
Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing using the CM/ECF System.

Dated: May 4, 2022

                                      Jeffrey D. Stein