IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID CARDONA,<br><br>                          Plaintiff,<br><br>v.<br><br>MARK A. FERGUSON *et al.*,<br><br>                         Defendants. | CIVIL ACTION<br><br>NO. 4:22-CV-00412 |

**[CONSENT PROPOSED] ORDER REGARDING
PRODUCTION OF ELECTRONICALLY STORED INFORMATION**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Procedures, and any other applicable orders and rules. The Court's intent is to streamline discovery of ESI to promote a "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. The parties must work cooperatively and in good faith to achieve these goals.

**1.** **Limitations and Non-Waiver:** Nothing in this Order shall be construed to affect the admissibility of discoverable information. All objections to the admissibility of any documents are preserved and may be asserted at any time. Compliance with this Order does not constitute a waiver, by any party, of any objection to the production of particular ESI for any reason, including as irrelevant, undiscoverable, or otherwise inadmissible, unduly burdensome or not reasonably accessible, or privileged, nor does it constitute a waiver of any right to discovery by any party. For the avoidance of doubt, a party's compliance with this Order will not be interpreted to require disclosure of information potentially protected by the

attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from disclosure, including foreign data protection laws. All parties preserve all such privileges and protections, and all parties reserve the right to object to any such privileges and protections.

2. **Preservation:** The parties shall take reasonable steps to preserve all potentially relevant digital information—including emails, text messages, and Facebook and other social media communications in their native forms, along with available metadata—pursuant to a litigation hold, just as they will preserve all other potentially relevant information. By preserving or producing information for the purpose of this action, the parties are not conceding that such material is discoverable.

3. **Production Format:** The parties shall produce electronic documents in their native formats with available metadata preserved. Production of ESI shall be provided on an electronic storage media (such as CD, DVD, portable hard drive, USB flash drive or other portable storage device) or via a secure file transfer platform. If advanced search methodologies become necessary, the parties agree to disclose any search filters or culling methods used to identify potentially relevant ESI for production. A producing party retains the option to produce ESI in alternative formats if so agreed by the requesting party. The parties shall not degrade the searchability of documents as part of the document production process.

4. **Attachments:** Attachments to emails, social media messages, or other documents shall not be disassociated from the document to which they are attached. If any part of an email or its attachments is responsive, the associated emails and attachments will be produced, except any attachments that must be withheld or redacted on the basis of privilege, immunity, or privacy laws.

**5.** **Disputes:** If the producing party believes that the scope or manner of a request to produce ESI is unduly burdensome or otherwise objectionable, it shall promptly raise the issue with the requesting party and the parties shall confer in good faith to attempt to resolve the dispute. If the parties cannot reach agreement, they shall jointly seek guidance from the Court.

**6.** **Amendment of Order:** Nothing herein shall preclude any party from seeking to amend this Order in writing for good cause shown, provided, however, that no party may seek relief from the Court concerning compliance with the Order until it has met and conferred in good faith with any parties involved in the dispute.

SIGNED on this date _____, 2022, at Houston, Texas

                                                           Keith P. Ellison
                                       United States District Judge